UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Carmine Centrella and
Mary Brennan-Centrella,

       Plaintiffs,

              v.                              Civil Action No. 2:14-cv-111-jmc

Ritz-Craft Corporation of Pennsylvania, Inc.
And Mountain View Modular Homes, Inc.,

       Defendants.

**OPINION AND ORDER**
(Doc. 71)

      Presently before the Court is the motion of Plaintiffs Carmine Centrella and Mary Brennan-Centrella (the Centrellas) for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15.  (Doc. 71.)  The original Complaint named Ritz-Craft Corporation of Pennsylvania, Inc. (Ritz-Craft), and Mountain View Modular Homes, Inc. (Mountain View), as defendants.  (Doc. 1.)  The Clerk of Court entered default against Mountain View pursuant to Federal Rule of Civil Procedure 55(a) on June 17, 2015.  (Doc. 55.)

      The original Complaint alleged that Defendants Ritz-Craft and Mountain View (1) violated the Vermont Consumer Protection Act (VCPA), 9 V.S.A. §§ 2451–2480; (2) breached express warranties made pursuant to 9A V.S.A. § 2-313; and (3) breached the implied warranty of fitness for a particular purpose made pursuant to 9A V.S.A.

§ 2-315.  (Doc. 1 at 8–16.)  For relief under the VCPA claim the Centrellas seek the $246,673 purchase price of their home, "or the damages attributable to [Ritz-Craft], if greater."  (*Id.* at 10.)  They also seek "a reasonable sum for the loss of enjoyment . . . of the home and [the] time and expense in prosecuting this action," as well as attorney fees, costs, and "an award of treble damages if found available."  (*Id.*)  For relief under the breach-of-warranty claims, the Centrellas seek damages "in an amount sufficient to cover the repairs required to bring the home to warranted condition, and to compensate [them] for any diminution [in] the value of the home after repairs, [and] for incidental and consequential damages."  (*Id.* at 13; *see id.* at 15–16.)

In their proposed Amended Complaint, the Centrellas bring no new claims.  Rather, they seek to allege additional facts in support of the existing legal claims.  (Doc. 71 at 5.)  Ritz-Craft filed an Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint[1] on August 29, 2016.  (Doc. 74.)  For the reasons stated below, the Centrellas' Motion for Leave to Amend Complaint is GRANTED.

## Background

In the proposed Amended Complaint it is generally alleged that the Centrellas entered into a Sales Agreement with Mountain View for the purchase and installation of a Ritz-Craft modular home on January 18, 2013.  (Doc. 71-2 at 3–4, ¶ 13; *see also* Doc. 66-2 at 4; Doc. 63-3 at 2.)  The purchase price eventually agreed on was $246,673.  (*Id.*)  Most of the home was constructed by Ritz-Craft at its factory in Pennsylvania and then it

---

[1] While Ritz-Craft repeatedly refers to the Centrellas' Amended Complaint as their "*Second* Amended Complaint" (*see* Doc. 74 at 1, 3, 4), the Centrellas' pending August 10, 2016, Motion for Leave to Amend is their first request to amend the Complaint.  (Doc. 75 at 5.)

2

was assembled by Mountain View here in Vermont. (Doc. 63-1 at 2, ¶ 5; Doc. 1 at 3, ¶ 13.) The Centrellas allege that various problems with the home arose once the modules arrived in Vermont and Mountain View began putting the modules together. (Doc. 1 at 4–5.) Problems continued to arise after construction was completed in July 2013. (*Id.* at 5–6.)

Ritz-Craft modular homes come with "a one-year limited warranty and a 10-year structural warranty." (Doc. 63-1 at 4, ¶ 15; Doc. 66-2 at 8, ¶ 15.) The Centrellas filed suit on June 6, 2014 alleging breach of these and other express warranties, breach of the implied warranty of fitness for a particular purpose, and violation of the VCPA. (Doc. 1.)

The Court set the original Discovery Schedule/Order on December 12, 2014. (Doc. 28.) That Order required all "[m]otions for . . . amendments to the pleadings . . . be filed on or before April 22, 2015." (Doc. 28 at 2, ¶ 9.) The deadlines in the original Discovery Schedule/Order were revised on June 16, 2015 (Doc. 54), following the parties' Joint Motion to Modify the Discovery Schedule/Order (Doc. 53). The new Discovery Schedule/Order required all amendments to the pleadings be submitted by July 15, 2015. (Doc. 54 at 2, ¶ 9.) The Clerk of Court entered default against Mountain View on June 17, 2015. (Doc. 55; *see also* Doc. 47.)

While Ritz-Craft and the Centrellas sought and obtained two extensions of time in which to complete discovery (Docs. 59, 61), neither extension modified the July 15, 2015 deadline to amend the pleadings. On February 16, 2016, Ritz-Craft filed a Motion for Summary Judgment on each count. (Doc. 63.) The Centrellas responded to the Motion on April 18, 2016. (Doc. 66.) Ritz-Craft filed a Reply to the Centrellas' Response on

3

May 5, 2016.  (Doc. 67.)  On August 3, 2016, the Court heard oral argument on Ritz-Craft's pending Motion for Summary Judgment.  (Doc. 70.)  Seven days later, on August 10, the Centrellas filed the pending Motion for Leave to Amend Complaint.  (Doc. 71.)  The Court issued its Opinion and Order denying Ritz-Craft's Motion for Summary Judgment on August 23.  (Doc. 73.)

## Analysis

### I.    Modification of the Discovery Schedule/Order

All motions to amend the pleadings were due by July 15, 2015.  (Doc. 54.)  The Centrellas filed their Motion for Leave to Amend over a year after the expiration of that deadline on August 10, 2016.  (Doc. 71.)  The Centrellas' Motion for Leave to Amend, therefore, constitutes a modification to the Court's Discovery Schedule/Order.  A modification to a scheduling order may be accepted "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Crowell v. Kirkpatrick*, 262 F.R.D. 401, 402 (D. Vt. 2009) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)) ("[W]hen a motion to amend is brought after the Scheduling Order's deadline for amending the pleadings, as it was here, the moving party must establish good cause for modifying the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4)." (footnote omitted)).  Therefore, as a threshold matter, the Centrellas must show good cause for seeking leave to amend their complaint over a year after the expiration of the Discovery Schedule/Order deadline.  *Benefitvision Inc. v. Gentiva Health Servs., Inc.*, 2015 WL 1034543, at *7 (E.D.N.Y. Feb. 9, 2015) ("The standards of Rule 16(b) must be met first and cannot be short-circuited by an appeal to those of Rule 15." (quoting *Sokol*

*Holdings, Inc. v. BMB Munai, Inc.*, No. 05 cv 3749(KMW)(DCF), 2009 WL 3467756, at *5 (S.D.N.Y. Oct. 28, 2009))).

The "good cause" requirement "'is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and pleadings will be fixed.'" *Davis v. Wells Fargo Bank, N.A.*, Civil No. 3:12cv1102 (JBA), 2016 WL 543029, at *2 (D. Conn. Feb. 10, 2016) (quoting *Parker*, 204 F.3d at 340). "'Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it . . . has been diligent in its effort to meet the Court's deadlines.'" *Benefitvision Inc.*, 2015 WL 1034543, at *7 (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ. 3749(KMW)(DF), 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)). In determining whether the moving party has shown good cause, the Court may also "'consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.'" *Id.* (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). Furthermore, "[a] party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Guity v. Uniondale Union Free Sch. Dist.*, No. 12–CV–1482 (SJF)(AKT), 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014) (citing *Parker*, 204 F. 3d at 340–41).

The Court concludes that the Centrellas have established good cause for three reasons. First, the Centrellas have diligently prosecuted their claims. With the exception of missing the deadline for seeking leave to amend the pleadings, the Centrellas have met

5

the deadlines imposed by this Court.  Second, the Court accepts their representation that the allegations added to the proposed Amended Complaint were not known by the Centrellas at the time they filed their original Complaint.  (Doc. 71 at 5; Doc. 75 at 2–3.)  They persuasively assert that these new allegations were gleaned from discovery after Ritz-Craft had filed its Motion for Summary Judgment.  (Doc. 71 at 5, n.5 ("Facts concerning the limitations on [Ritz-Craft's] warranties were in the hands of the defendant and uncovered during depositions of Ritz-Craft, which occurred after Ritz-Craft filed for Summary Judgment."); Doc. 75 at 2–3.)  Third, and as discussed further below, the proposed Amended Complaint does not substantially prejudice Ritz-Craft.

## II.     Motion for Leave to Amend Complaint

Courts shall grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 15 is intended "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. American Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal quotation marks omitted).  Generally, "[w]here the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Id.*  The court maintains "discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

Delay alone, "absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Standard Fire Ins. Co. v. Donnelly*, 689 F. Supp. 2d 696, 700 (D. Vt. 2010).  "However, 'the longer the period of

an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

Ritz-Craft bears the burden to "demontrat[e] that *substantial* prejudice would result were the proposed amendment to be granted," because the Centrellas have established good cause to modify the Discovery Schedule/Order. *Standard*, 689 F. Supp. 2d at 700. The Second Circuit has developed a three-pronged test to aid in "determining what constitutes 'prejudice.'" *Block*, 988 F.2d at 350. The test requires courts to "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* I only consider the first two prongs here, because the third prong is only applicable, as in *Block*, when the defendant has moved to amend its answer to invoke an affirmative defense that would result in the likely dismissal of the action.

In this case, the proposed amendments would not cause Ritz-Craft to expend significant additional resources to conduct discovery and prepare for trial. Even though Ritz-Craft contends that "[t]he proposed new allegations represent significant changes to the . . . claims alleged in Plaintiffs' original pleadings" (Doc. 74 at 3), the proposed amendments merely add additional factual allegations to the Centrellas' original claims (Doc. 74 at 3). *See Xpressions Footwear Corp. v. Peters*, Nos. 94 Civ. 6136 (JGK), 95 Civ. 8242 (JSM), and 95 CIV. 8243 (JSM), 1995 WL 758761, at *2 (S.D.N.Y. Dec. 22,

7

1995) ("The federal courts consistently grant motions to amend where it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings."). Ritz-Craft has been on notice of these claims since the filing of the original Complaint on June 2, 2014. (Doc. 1.) The proposed Amended Complaint, therefore, does not force "Ritz-Craft to defend against a moving target" (Doc. 74 at 3), rather it requires it to defend against the same, but more focused, claims that were in the original Complaint.

The proposed amendments will not significantly delay the resolution of this dispute for these same reasons. Furthermore, the potential for delay has been undercut by the extensive discovery and pretrial motions engaged in by the parties on the same issues that have been re-alleged, but with greater clarity, in the Amended Complaint. (*See* Docs. 63, 66, 67, 72, 73.)

Ritz-Craft argues that this case is analogous to *Crowell*, a case in which this Court denied a motion to amend. (Doc. 74 at 3–4.) This case is distinguishable from *Crowell* for three reasons. First, in *Crowell*, the motion to amend sought to add an entirely new claim. *Crowell*, 262 F.R.D. at 402. As discussed above, the proposed Amended Complaint does not add any new claims. Second, the motion to amend in *Crowell* was based on a deposition "taken during the course of an unrelated lawsuit." *Id.* It is asserted that the new factual averments in this case, on the other hand, were gathered "during depositions of Ritz-Craft," conducted as part of discovery for this case. (Doc. 71 at 5, n.5.) Third, the new factual averments included in the amended complaint in *Crowell* did not "reveal anything new or heretofore unknown." *Crowell*, 262 F.R.D. at 403. The

factual averments included in the proposed Amended Complaint in this case, in contrast, support and refine the claims alleged in the original Complaint and do not simply restate already known facts. (Doc. 71-2 at 11–12, 15.)

## **Conclusion**

For all of these reasons, the Centrellas' Motion for Leave to Amend is GRANTED. The Clerk shall file the proposed Amended Complaint as the Amended Complaint. The procedural posture of this case, however, warrants an enlargement of time for the parties to engage in additional discovery based on the Amended Complaint. The parties shall confer and file a revised proposed stipulated discovery schedule/order within 15 days of the date of this Opinion and Order.

Dated at Burlington, in the District of Vermont, this 13th day of October, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge