UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Carmine Centrella and
Mary Brennan-Centrella,

    Plaintiffs,

    v.                                                             Civil Action No. 2:14-cv-111-jmc

Ritz-Craft Corporation of Pennsylvania, Inc.
and Mountain View Modular Homes, Inc.,

    Defendants.

Ritz-Craft Corporation of Pennsylvania, Inc.,

    Cross-Claimant,

    v.

Mountain View Modular Homes, Inc.,

    Cross-Defendant.

## OPINION AND ORDER
(Doc. 174)

On February 12, 2018, the Court issued an Opinion and Order granting, in part, Plaintiffs Carmine Centrella and Mary Brennan-Centrella's Application for Costs and Attorney Fees (Doc. 141), and awarding Plaintiffs $127,273.50 in attorney fees and $7,567.03 in costs, for a total of $134,840.53. (Doc. 172.) Plaintiffs now file a Supplemental Application for Attorney Fees and Costs, seeking an additional award of attorney fees in the amount of $16,770.00 and costs in the amount of

$9,588.20 for their fees and costs incurred primarily after the date they filed their initial Application for Costs and Attorney Fees.[1] (Doc. 174.) Defendant Ritz-Craft Corporation of Pennsylvania, Inc. (Ritz-Craft) opposes the Supplemental Application, arguing that the Court should decline to award any additional attorney fees and costs to Plaintiffs, or in the alternative, award an amount that is substantially less than that requested. (Doc. 178.)

Both Plaintiffs and Ritz-Craft have filed Notices of Appeal in this case (*see* Docs. 179, 185); however, those filings are premature, given that a final judgment has not yet been entered and the Court has not yet ruled on the pending Supplemental Application. *See* Fed. R. App. P. 4(a)(4)(A) ("If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure . . . [,] the time to file an appeal runs for all parties from the entry of the order disposing of the *last such remaining motion*[.]") (emphasis added); *see also Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36 (2d Cir. 1990) (per curiam) (citing Fed. R. Civ. P. 58) (notice of appeal premature because appealed-from decision was not a final judgment). In any event, the Court has discretion to consider Plaintiffs' Supplemental Application for Attorney Fees and Costs at this

---

[1] Plaintiffs filed their initial Application for Costs and Attorney Fees on September 5, 2017. (Doc. 141.) The billing records attached to the Supplemental Application include one attorney entry from before that date: specifically, Attorney Kathryn Kent's entry indicating 2.5 hours billed on August 28, 2017 for a conference with Plaintiffs' expert witness Gregory Mertz. (Doc. 174-3 at 1.) Likewise, the Invoice of Plaintiffs' expert witness, which is also attached to the Supplemental Application, includes entries dated prior to the date the initial Application was filed. (*See* Doc. 174-4 at 3–4, showing Mertz's entries indicating approximately 25 hours billed between August 28 and September 4, 2017.) The Court has included these entries in its consideration of the pending Supplemental Application, having checked to make sure they do not duplicate entries contained in the records attached to the initial Application. (*Compare* Docs. 141-2, 141-3, and 141-4 *with* Docs. 174-2, 174-3, and 174-4.)

2

time, even if the Notices of Appeal had been properly filed. *See Barrella v. Vill. of Freeport*, 56 F. Supp. 3d 169, 173–74 (E.D.N.Y. 2014) (where court "previously rendered a decision on the Plaintiff's . . . initial application for attorneys' fees and costs, and appeals taken by the [Defendants] of that order are pending before the Second Circuit," court should rule on supplemental application for fees and costs to avoid possibility of "piecemeal appeals, which are disfavored in this circuit"); *see also Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees.").

Attorney fees for the preparation of an attorney fee application and other post-trial motions have been found to be compensable in the Second Circuit and under Vermont law. *See Vermont Human Rights Comm'n v. Benevolent and Protective Order of Elks*, No. 404-8-98 Wncv, 2009 WL 5454429 (Vt. Super. Wash. Cty. Apr. 6, 2009) ("Plaintiffs are . . . entitled to an award of fees and expenses for litigating the fee application itself."); *Monahan v. GMAC Mortg. Corp.*, No. S0275-01 RcC, 2003 WL 25782721 (Vt. Super. Rutland Cty. Oct. 6, 2003) ("Supplementary fees that result from prosecution of post[]trial fees have been allowed to prevailing parties in federal cases dealing with civil rights."); *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for [statutory attorney] fees."); *Human Rights Comm'n v. LaBrie, Inc.*, 164 Vt. 237, 252, 668 A.2d 659, 669 (1995) ("plaintiff is entitled to fees for time spent on the motion [for allowance of attorney's fees]");

3

*see also Walker v. Verizon Pennsylvania LLC*, CIVIL ACTION NO. 15-4031, 2017 WL 3675384, at *13 (E.D. Pa. Aug. 25, 2017) ("The prevailing party is entitled to recover a reasonable fee for the preparation of post-trial motions and fee petitions.") (citing *Planned Parenthood of Cent. N.J. v. Attorney Gen. of N.J.*, 297 F.3d 253, 268 (3d Cir. 2002)). In *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), the Second Circuit explained the rationale behind the rule that attorney fees for services performed in connection with a fee application are recoverable:

> If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased. . . . Such a result would not comport with the purpose behind most statutory fee authorizations, [v]iz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies. . . . [T]o hold otherwise would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance and automatic appeals.

(first omission in original) (citation and internal quotation marks omitted); *see Donovan v. CSEA Local Union 1000, Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO*, 784 F.2d 98, 106 (2d Cir. 1986) ("The fee application is a necessary part of the award of attorney's fees. If the original award is warranted, we think that a reasonable amount should be granted for time spent in applying for the award.") Nearly 20 years later, the court reiterated this rationale in *Weyant v. Okst*, 198 F.3d at 316, stating: "A culpable defendant should not be allowed to cause the erosion of fees awarded to the plaintiff for time spent in obtaining the favorable judgment by requiring additional time to be spent thereafter without compensation."

Given this law, Plaintiffs are clearly entitled to recover a reasonable fee for their attorneys' handling of post-trial motions including their Application for Costs and Attorney Fees. It is for the Court to determine whether the fee amount requested in their Supplemental Application is reasonable. *See* 9 V.S.A. § 2461(b) (providing for an award of "reasonable attorney's fees" to plaintiffs demonstrating a violation of VCPA); *L'Esperance v. Benware*, 2003 VT 43, ¶ 21, 175 Vt. 292, 830 A.2d 675 ("Where a court finds that the Consumer Fraud Act has been violated, it is not within the court's discretion to determine whether to award such fees, but rather its task is to determine what constitutes reasonable fees in each instance." (citation omitted)); *Human Rights Comm'n*, 164 Vt. at 250 ("Fee awards are to be reasonable[:] reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims." (internal quotation marks omitted)). As stated above, Plaintiffs seek $16,770.00 in attorney fees for work done by Plaintiffs' attorneys since approximately when Plaintiffs filed their initial Application for Costs and Attorney Fees. Plaintiffs have submitted the relevant billing records of their attorneys, Joshua Simonds and Kathryn Kent, which indicate that Simonds spent 33 hours and Kent spent 34.2 hours on post-trial matters from September 5, 2017 through February 24, 2018 (including one August 2017 entry from Kent, *see* n.1, *supra*). (Docs. 174-2, 174-3.) The billing records further indicate that most of that time was spent drafting replies regarding Plaintiffs' Application for Costs and Attorney Fees and Plaintiffs' Motion for Prejudgment Interest, respectively, and drafting an opposition to Ritz-Craft's

5

Motion for Post-Trial Relief. (*Id.*) Therefore, the records reflect that Plaintiffs spent a total of 67.2 hours on post-trial work since the approximate date when they filed their initial Application for Costs and Attorney Fees.

In determining the amount of an attorney fee award, the Court must first calculate the "lodestar," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). The hourly rates sought by Plaintiffs—$275 per hour for Attorney Simonds and $225 per hour for Attorney Kent—are those already set by the Court in its February 12, 2018 Opinion and Order. (*See* Doc. 172 at 20.) Therefore, these rates are proper and will be applied here.

Next, the Court finds that the amount of time spent by Plaintiffs' attorneys since approximately when they filed their initial Application for Costs and Attorney Fees was reasonably necessary to their relative success on that Application, as well as to their successful opposition to Ritz-Craft's Motion for Post-Trial Relief. Given the denial of Plaintiffs' Motion for Prejudgment Interest (*see* Doc. 172 at 28–29), however, Plaintiffs are not entitled to recover their fees incurred for the handling of that Motion. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee."). The Court is unable to determine exactly how much time was spent on that Motion alone, but "it is less important

that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." *Amato v. City of Saratoga Springs*, 991 F. Supp. 62, 66 (N.D.N.Y. 1998) (citing *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)); *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (per curiam) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items."). The Court reduces the fee amount requested by eight hours at Attorney Simonds's rate of $275 per hour to account for the time spent on Plaintiffs' Motion for Prejudgment Interest. (*See* Doc. 141-1 at 9; Doc. 141-3 at 2–3; Doc. 174-1 at 1; Doc. 174-2 at 1–2.)

Therefore, the lodestar amount is **$14,570.00**, which is the total of 25 hours of Attorney Simonds's time at a rate of $275 per hour and 34.2 hours of Attorney Kent's time at a rate of $225 per hour. Next, the Court makes a 10% downward adjustment to the lodestar due to Plaintiffs' limited success on their Application for Costs and Attorney Fees. *See Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005) ("The Supreme Court has consistently stressed the importance of the degree of the plaintiff's success in the litigation as a factor affecting the size of the fee to be awarded."); *Hensley*, 461 U.S. at 440 ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). Although Plaintiffs recovered $127,273.50 in attorney fees pursuant to their Application, they had sought $165,418.50. (*See* Docs. 141, 172.) The Court declined to grant

7

Plaintiffs' request in its entirety for the reasons stated in the Court's February 12, 2018 Opinion and Order, including excessive hourly rates, duplicative and excessive time spent, Plaintiffs' success on only one of their three claims in the case, and various equitable factors. (Doc. 172 at 11–26.) Therefore, the adjusted amount of supplemental attorney fees awarded is **$13,113.00**.

Regarding costs, Ritz-Craft contests Plaintiffs' attempt to recover Attorney Mertz's expert witness fees for his work associated with Plaintiffs' initial Application for Costs and Attorney Fees. (Doc. 178 at 3.) Ritz-Craft does not argue that Plaintiffs may not recover these costs, but rather, that Plaintiffs "make no effort to explain why the amount they seek for expert witness fees . . . is reasonable under the circumstances." (*Id.*) The Court has reviewed Mertz's Invoice (Doc. 174-4), and finds that the number of hours billed is reasonable. Notably, both parties retained an expert with respect to Plaintiffs' Application for Costs and Attorney Fees, and based on the papers submitted to the Court, each of those experts' involvement in that Application was extensive. (*See* Doc. 141-5; Doc. 151-1.) The Court further finds that Attorney Mertz's hourly rate of $275 per hour is reasonable, given his experience and qualifications. (*See* Doc. 141-5 at 1–11; Doc. 141-6.) Finally, the Court finds that the remaining additional costs sought in Plaintiffs' Supplemental Application are reasonable. *See Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) ("[A]wards of attorney's fees . . . under fee-shifting statutes . . . normally include those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-

8

paying clients[,] . . . includ[ing] expenses that are incidental and necessary to the representation, provided they are reasonable." (citations and internal quotation marks omitted)). Therefore, the amount of supplemental costs awarded is the amount requested, **$9,588.20**.

For these reasons, the Court GRANTS Plaintiffs' Supplemental Application for Attorney Fees and Costs (Doc. 174), in part, and AWARDS Plaintiffs an additional **$13,113.00** in attorney fees and an additional **$9,588.20** in costs.

The Clerk shall therefore enter JUDGMENT on behalf of Plaintiffs as follows:

| | |
|---|---|
| Count I (VCPA claim): | $94,262.00 (pursuant to jury verdict) |
| Attorney Fees: | $127,273.50 |
| Costs: | $7,567.03 |
| Supplemental Attorney Fees: | $13,113.00 |
| Supplemental Costs: | $9,588.20 |
| **TOTAL JUDGMENT:** | **$251,803.73** |

Ritz-Craft's and Plaintiffs' Notices of Appeal, filed on March 15, 2018 (Doc. 179) and March 29, 2018 (Doc. 185), respectively, will become effective upon the filing of this Opinion and Order. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last

such remaining motion is entered."); *Jim Billado Roofing, LLC v. Custom Copper & Slate, Ltd.*, No. 1:08-CV-97, 2010 WL 1881097, at *3 (D. Vt. May 10, 2010).

Dated at Burlington, in the District of Vermont, this 11th day of April 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge